1  CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
2  GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
   DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025
3  **THARPE & HOWELL, LLP**
   **15250 Ventura Blvd., Ninth Floor**
4  **Sherman Oaks, California  91403**
   **(818) 205-9955; (818) 205-9944 fax**
5  E-Mail:  cmay@tharpe-howell.com
   E-Mail:  gsharaga@tharpe-howell.com
6  E-Mail:  drivera@tharpe-howell.com
7  Attorneys for Defendants,
       LOWE'S HOME CENTERS, LLC



FILED
CLERK, U.S. DISTRICT COURT

11/5/2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DL_____ DEPUTY

8
9              UNITED STATES DISTRICT COURT
10   CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
11

| | |
|---|---|
| 12  TROIANA BLADES, | CASE NO.:  2:15-cv-02090-CAS-PJW |
| 13                    Plaintiff, | (Los Angeles County Superior Court Case No.: BC549028) |
| 14  vs. | **STIPULATED PROTECTIVE ORDER** |
| 15  LOWE'S HOME CENTERS, LLC and DOES 1 through 10, | *Note changes to Order* |
| 16 | **Discovery Matter** |
| 17                    Defendant. | **Hon.  Patrick Walsh** **U.S. Magistrate Judge** |
| 18 | |

19        Plaintiff TROIANA BLADES ("Plaintiff") and Defendant LOWE

20   HOME CENTERS, LLC ("Defendant") jointly submit this Stipulated Protective

21   Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1) limiting the use

22   and disposition of certain information and documents during litigation of this matter.

23   The parties agree that discovery in this action may yield documents and information

24   of a sensitive and confidential nature, including but not limited to, Defendant's

25   proprietary policies and procedures, personnel files of present and former employees,

26   and other confidential information that may be subject to discovery in the

27   proceedings in this matter but which should not be made available to the public

28   generally.  As a result, the parties have agreed to this jointly submitted Stipulated

1    Protective Order and request that it be adopted by order of this Court.

2    <u>**Good Cause Statement**</u>

3        Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that

4    the Court, upon a showing of good cause may "issue an order to protect a party from

5    annoyance, embarrassment, oppression, or undue burden or expense." <u>Fed.R.Civ.P.</u>

6    <u>26(c)(1)</u>. In the instant matter, Defendant's Confidential Documents contain

7    proprietary and confidential trade secret information relating to defendant's business

8    practices and its safety protocol. Defendant derives independent economic value

9    from maintaining the confidentiality of the policies and procedures set forth in these

10   Confidential Documents.

11       Defendant is a retailer in the home improvement industry and has conducted

12   business in California since 1998. The home improvement retail industry is very

13   competitive. As a result of years of investing time and money in research and

14   investigation, defendant developed the policies contained in the Confidential

15   Documents for the purposes of maintaining the security and accessibility of its

16   merchandise, providing quality customer service, and ensuring the safety of its

17   employees and customers. These policies and procedures, as memorialized in the

18   Confidential Documents, were created and generated by Lowe's for Lowe's, and are

19   used for the purposes of maintaining safety at its stores and creating efficient and

20   organized work environments for its employees. As a result, defendant is able to

21   minimize the waste of any resources, which is a key factor in generating profitability

22   for its business.

23       Defendant derives economic value from maintaining the secrecy of its

24   Confidential Documents. If disclosed to the public, the trade secret information

25   contained in defendant's Confidential Documents would reveal defendant's internal

26   operations and could potentially be used by competitors as a means to compete for

27   its customers, interfere with its business plans and thereby gain unfair business

28   advantages. If defendant's safety protocol were revealed to the general public, it

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -

1   would hinder defendant's ability to effectively resolve and minimize liability claims,

2   and its goal of protecting its customers and employees from theft and other crimes.

3   Unrestricted or unprotected disclosure of such information would result in prejudice

4   or harm to Defendant by revealing Lowe's competitive confidential information,

5   which has been developed at the expense of Lowe's and which represents valuable

6   tangible and intangible assets. Accordingly, the parties respectfully submit that there

7   is good cause for the entry of this Protective Order.

8   **Purpose and Limitation**

9       As mentioned above, disclosure and discovery activity in this action are likely

10   to involve production of confidential, proprietary, or private information for which

11   special protection from public disclosure and from use for any purpose other than

12   prosecuting this litigation may be warranted. Accordingly, the parties hereby

13   stipulate to and petition the court to enter the following Stipulated Protective Order.

14       The disclosure of any of the foregoing categories of information and/or

15   documentation protected by this Order, including confidential business and financial

16   information identified above, will have the effect of causing harm to the competitive

17   and financial position of the person, firm, partnership, corporation, or to the

18   organization from which the information was obtained. Unprotected disclosure of

19   any of the above identified confidential information may further expose Defendant to

20   unwarranted annoyance, embarrassment, and/or oppression.

21       The parties acknowledge that this Protective Order does not confer blanket

22   protections on all disclosures or responses to discovery and that the protection it

23   affords from public disclosure and use extends only to the limited information that is

24   entitled to confidential treatment under the applicable legal principles. The parties

25   further acknowledge that this Protective Order does not entitle them to file

26   confidential information under seal. Civil Local Rules 140, 141 and 141.1 set forth

27   the procedures that must be followed and the standards that will be applied when a

28   party seeks permission from the court to file material under seal.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -
**STIPULATED PROTECTIVE ORDER**

Blades v. Lowe's.
Case No.: 2:15-cv-02090-CAS-PJW

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1    The parties having agreed to the following terms governing the treatment of

2  confidential information, and the Court having found that good cause exists for

3  issuance of an appropriately-tailored confidentiality order governing the pre-trial

4  phase of this action, it is HEREBY ORDERED as follows:

5    1.    All documents produced or information disclosed and any other

6  documents or records designated as "CONFIDENTIAL" by the Defendant shall be

7  revealed only to a settlement officer, Plaintiff, counsel of record in this case,

8  paralegals and secretarial employees under counsel's direct supervision, and such

9  persons as are employed by counsel to act as experts in this action. The information

10  designated as "CONFIDENTIAL" and disclosed only in accord with the terms of

11  this paragraph may include, without limitation, documents and information

12  containing Defendant's policies and procedures, as well as personnel records,

13  including disciplinary records, identity, information relating to the processes,

14  operations, type of work, or apparatus, or the production, sales, shipments, transfers,

15  identification of customers, inventories, amount or source of income, profits, losses,

16  expenditures, or any research, development, or any other commercial information

17  supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for

18  Production. In this particular case, documents deemed confidential, to date, include

19  but are not limited to: Defendant's employee roster listing all of its employees

20  working at the subject Burbank store on the date of the subject incident and Lowe's

21  Home Centers, LLC's Confidential Incident Report dated July 14, 2012.

22  Information and documentation considered "CONFIDENTIAL" are subject to

23  protection under Civil Local Rule 79-5 of the U.S. District Court – Central District

24  of California, Rule 26 of the Federal Rules of Civil Procedure, and under other

25  provisions of Federal law. Plaintiff reserves her right to challenge Defendant's

26  designation of documents deemed confidential and compel their production by order

27  of this Court.

28  ///

- 4 -

**STIPULATED PROTECTIVE ORDER**

Blades  v. Lowe's.
Case No.: 2:15-cv-02090-CAS-PJW

2.      Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action.  Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action.  At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant, at defense counsel's written request.

3.      Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4.      If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a)     Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b)     Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order.  I further agree to be bound by its terms."  Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 5 -

STIPULATED PROTECTIVE ORDER

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

5.    In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

6.    The Court's Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

7.    Any motion challenging a designation will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

8.    Nothing contained in this Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

///
///
///
///
///
///
///
///
///
///
///
///

- 6 -
**STIPULATED PROTECTIVE ORDER**

Blades v. Lowe's.
Case No.: 2:15-cv-02090-CAS-PJW

1   Based on the foregoing, Plaintiff TROIANA BLADES and Defendant

2   LOWE'S HOME CENTERS, LLC hereby request that this Court issue a protective

3   order governing the treatment of confidential information in this matter.

4   **IT IS SO STIPULATED.**

5   Dated: 11/3/15                    ATTORNEY AT LAW

6

7                                     By: _____

8                                     STEVE A. HOFFMAN
                                      Attorney for Plaintiff,
9                                     TROIANA BLADES

10

11  Dated: 11/3/15                    THARPE & HOWELL, LLP

12

13                                    By: _____
                                      CHARLES D. MAY
14                                    GENE B. SHARAGA
                                      DIANA M. RIVERA
15                                    Attorneys for Defendant,
                                      LOWE'S HOME CENTERS, LLC
16

17

18  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

19

20  Date: 11/5/15                     _____
                                      HON. PATRICK WALSH
21                                    U.S. MAGISTRATE JUDGE

22

23      *This order does not authorize the parties*

24      *to file documents under seal. Under Seal*

25      *filings are governed by Local Rule 79-5.*

26                                         *PJW*

27

28

-7-
STIPULATED PROTECTIVE ORDER

Blades v. Lowe's.
Case No.:

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

### STIPULATED PROTECTIVE ORDER

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

Steve A. Hoffman, Esq.
LAW OFFICE OF STEVE A. HOFFMAN
4929 Wilshire Blvd., Suite 410
Los Angeles, CA  90010
(323) 997-1188; Fax (323) 937-1539

Attorneys for Plaintiff, TROIANA BLADES

5.   a.   ____   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b.   **X**   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

      (1)   ____   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2)   **X**   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, California.

   c.   ____   **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 8 -
STIPULATED PROTECTIVE ORDER

d. ____ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ____ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ____ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): November 4, 2015*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 11/4/15 | EBONY AGUILAR | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

### DECLARATION OF MESSENGER

____ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\26000-000\26289\Discovery\FEDERAL\Stipulated Protective Order.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221